United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                           Case No. 11-11700-mdc
La Quanda Hinton Taylor                                          Chapter 13
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2           User: JeanetteG              Page 1 of 2                Date Rcvd: Jan 10, 2017
                               Form ID: 3180W               Total Noticed: 16


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 12, 2017.
db             +La Quanda Hinton Taylor,    5947 Fronenac Street,    Philadelphia, PA 19149-3632
12474461        Educational Credit Management Corp.,    PO Box 16408,    St. Paul, MN 55116-0408
12313644       +Philadelphia Fed Cr Un,    12800 Townsend Rd,    Philadelphia, PA 19154-1095
12568259       +U.S. Bank National Association,    PHFA,    211 North Front Street,    Harrisburg, PA 17101-1466,
                 Attn: ALSV/Anne
12499716        Wells Fargo Bank, NA,    TGSLC,    PO BOX 83100,    ROUND ROCK, TX 78683-3100

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Jan 11 2017 02:43:06      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 11 2017 02:42:37
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 11 2017 02:42:57      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12385681        EDI: HNDA.COM Jan 11 2017 02:33:00      American Honda Finance Corporation,
                 National Bankruptcy Center,    P.O. Box 168088,    Irving, TX 75016-8088
12461706       +EDI: AFNIRECOVERY.COM Jan 11 2017 02:33:00      Afni, Inc.,    PO BOX 3667,
                 Bloomington, IL 61702-3667
12389579       +EDI: ACCE.COM Jan 11 2017 02:33:00      Asset Acceptance LLC,    PO Box 2036,
                 Warren MI 48090-2036
12471425        E-mail/Text: bankruptcy@phila.gov Jan 11 2017 02:43:06      City of Philadelphia,
                 SchoolDistrict of Philadelphia,    Law Department - Tax Unit,    One Parkway Building,
                 1515 Arch Street, 15th Floor,    Philadelphia, PA  19102-1595
12350362        EDI: JEFFERSONCAP.COM Jan 11 2017 02:33:00      Jefferson Capital Systems LLC,    PO BOX 7999,
                 SAINT CLOUD MN 56302-9617
12359097       +E-mail/Text: bankruptcygroup@peco-energy.com Jan 11 2017 02:42:27      PECO Energy Company,
                 c/o Merrick L. Friel,    2301 Market Street, S23-1,    Philadelphia, PA 19103-1380
12359754        E-mail/Text: ebn@vativrecovery.com Jan 11 2017 02:42:27      Palisades Acquisition IX  LLC,
                 Vativ Recovery Solutions LLC,    As Agent For Palisades Acquisition IX LL,    PO Box 40728,
                 Houston, TX  77240-0728
12424749       +E-mail/Text: csidl@sbcglobal.net Jan 11 2017 02:42:56      Premier BankCard/Charter,
                 Post Office Box 2208,    Vacaville, CA 95696-8208
                                                                                              TOTAL: 11

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
12318646     ##+Rjm Acquisitions Funding Llc,    575 Underhill Blvd,    Suite 224,    Syosset, NY 11791-3416
12318647     ##+Rjm Acquisitions Llc,    575 Underhill Blvd,    Suite 224,    Syosset, NY 11791-3416
                                                                                   TOTALS: 0, * 0, ## 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 12, 2017                                    Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 10, 2017 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    U.S. Bank National Association, Trustee Of The
               Pennsylvania Housing Finance Agency agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
              ANN E. SWARTZ    on behalf of Creditor    U.S. Bank National Association, Trustee Of The
               Pennsylvania Housing Finance Agency ecfmail@mwc-law.com, ecfmail@mwc-law.com
```

```
District/off: 0313-2          User: JeanetteG            Page 2 of 2              Date Rcvd: Jan 10, 2017
                              Form ID: 3180W             Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        LEON P. HALLER    on behalf of Creditor    U.S. Bank National Association, Trustee Of The Pennsylvania Housing Finance Agency lhaller@pkh.com, dmaurer@pkh.com
        MICHAEL ADAM COHEN    on behalf of Debtor La Quanda Hinton Taylor mcohen1@temple.edu
        ROZALYN  LANDISBURG    on behalf of Debtor La Quanda Hinton Taylor lrozalyn7345@yahoo.com, lawyer.mc@gmail.com
        THOMAS I. PULEO    on behalf of Creditor    U.S. Bank National Association, Trustee Of The Pennsylvania Housing Finance Agency tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com, philaecf@gmail.com
        WILLIAM C. MILLER     ecfemails@ph13trustee.com, philaecf@gmail.com

        TOTAL: 9

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **La Quanda Hinton Taylor** <br> First Name   Middle Name   Last Name | Social Security number or ITIN  **xxx−xx−3414** <br> EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **11–11700–mdc** | | |

## Order of Discharge                                                                                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    La Quanda Hinton Taylor
    aka Laquanda Hinton Taylor

<u>1/10/17</u>                                                                                   **By the court:**   <u>Magdeline D. Coleman</u>
                                                                                                   United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

    ♦ debts that are domestic support obligations;

    ♦ debts for most student loans;

    ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**